UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF SHARON LORRAINE JOHNSON by KAREN L. JOHNSON, Personal Representative,<br>    Plaintiff,<br><br>    v.<br><br>ASADA GRILL AND CANTINA, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CAUSE NO.: 2:21-CV-216-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 32], filed on May 2, 2023.

**I.    Background**

On June 1, 2021, Plaintiff Estate of Sharon Loraine Johnson, by personal representative Karen L. Johnson, filed a Complaint in state court to recover for the wrongful death of Sharon Johnson. The case was removed to this Court by Defendant Asada Grill and Cantina, LLC, on July 8, 2021.

After receiving extensions of time, Plaintiff filed her response to the motion for summary judgment on October 20, 2023, along with a response to the statement of material facts, and on November 13, 2023, Defendant filed its reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden

of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.  Material Facts

On June 5, 2019, Ms. Johnson was a customer at Asada Grill, where she ate a grilled chicken salad. Asada Grill had procedures in place in the kitchen to prevent cross-contamination of food products, and fish and shellfish were cooked in separate pans from other foods. The menu advised customers that food served in the restaurant may contain allergens, including fish and shellfish. The next day, Johnson was hospitalized. She reported that she suffered an allergic reaction to shrimp after eating the grilled chicken salad. Johnson died on June 17, 2019.

No autopsy was performed after Johnson died, and none of the chicken dish was saved for any kind of analysis. The death certificate listed acute hypoxic respiratory failure as the immediate cause of death with angioedema and allergy to lisinopril leading to that cause. One of Johnson's treating physicians provided a partial diagnosis of "anaphylaxis with angioedema secondary to shrimp exposure."

### IV.  Analysis

Defendant moves for summary judgment on Plaintiff's claims of wrongful death, arguing that Plaintiff has no evidence that Defendant served Johnson food that was contaminated by seafood. Plaintiff argues that Johnson suffered an allergic reaction after she ate grilled chicken at Asada Grill, and that since Johnson had similar previous allergic reactions caused by shrimp, the chicken salad must have likewise been contaminated, making Defendant responsible for Johnson's death.

Indiana's Wrongful Death Act provides for a right to sue by a personal representative of an estate based on a decedent's death "caused by the wrongful act or omission of another." Ind. Code § 34-23-1-1. To prevail on an Indiana Wrongful Death Act claim, Plaintiff must prove (1) that defendant had a "duty . . . to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach." *Hays v. Bardasian*, 615 F. Supp. 2d 796, 800 (N.D. Ind. 2009) (citing *Holt v. Quality Motor Sales, Inc.*, 776 N.E.2d 361 (Ind.Ct.App.2002)).

Defendant argues that Plaintiff does not have evidence that the injury to Johnson was caused by a breach of Defendant's duty. Plaintiff argues that Jonson's medical history of having had similar reactions to shrimp as she experienced after eating at Asada Grill is sufficient to create a genuine issue of fact as to whether the chicken salad caused her allergic reaction and subsequent death.

Under Indiana law, the plaintiff bears the burden of proving every element of the prima facie case of negligence, including causation. *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994); *see also Porter v. Whitehall Labs., Inc.*, 791 F. Supp. 1335 (S.D. Ind. 1992) (citing *Cowe by Cowe v. Forum Grp.*, 575 N.E.2d 630, 636 (Ind. 1991)). The plaintiff "must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing both that the wrongful act was the cause in fact of the occurrence and that the occurrence was the cause in fact of her injury." *Daub*, 629 N.E.2d at 877-78. A plaintiff cannot meet his burden on causation with evidence based upon mere speculation. *Id*. "Under Indiana negligence law, there must be a 'reasonable connection between a defendant's conduct and the damages which a plaintiff has

suffered.' At minimum, a plaintiff must prove 'causation in fact—that is, that the harm would not have occurred "but for" the defendants' conduct.'" *Spinnenweber v. Laducer*, 983 F.3d 301, 304, 305 (7th Cir. 2020) (quoting *Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind. Ct. App. 2005); *Daub*, 629 N.E.2d at 877).

Plaintiff argues that because Johnson had an allergic reaction after eating at Asada Grill, the food she ate must have been the cause of the reaction, and therefore that Asada Grill must have been negligent. Defendant argues that Plaintiff does not have any personal knowledge or evidence to prove that the grilled chicken Johnson was served had cross-contact with seafood or traces of seafood present, nor that Defendant did anything to introduce the allergen to the chicken. Defendant argues that Asada Grill took precautions with its food preparation to prevent possible cross-contact or cross-contamination, including cooking seafood in separate pans, and that Johnson's dish was not preserved for any kind of analysis. Johnson died thirteen days after she dined at Asada Grill, and no autopsy was performed. Accordingly, Defendant argues, there is no physical evidence to demonstrate that the food from Asada Grill was the cause of Johnson's death. The death certificate lists Johnson's causes of death as acute hypoxic respiratory failure, angioedema and allergy to lisinopril. Johnson was taking lisinopril prior to her hospitalization. One of Johnson's treating physicians testified that allergy to lisinopril is more likely to cause angioedema than allergy to seafood, and that he could not say with certainty that Johnson's death more than a week later was due to an allergy to seafood rather than lisinopril. Plaintiff argues that even if there were other contributing causes of death, the allergic reaction to seafood was a contributing cause of death, and therefore Defendant is liable. However, the argument that Johnson

5

must have encountered shrimp because she previously experienced a similar reaction after eating shrimp is based on speculation.

This case bears similarities with *Campbell v. Supervalu, Inc.*, in which the defendant grocery store moved for summary judgment on claims that beef from their store had E. coli bacteria because plaintiff became ill after eating it, but there was no test showing that there was E. coli in the ground beef. 565 F. Supp. 2d 969, 979-81 (N.D. Ind. 2008). The court concluded that the plaintiff had not demonstrated causation where "[a]t best, the [plaintiffs] have established that the ground beef was one possible source, among many others, for the introduction of the E. coli bacteria," and "to ask a jury to decide whether the beef was the cause of [the] illness would invite nothing but speculation," so summary judgment was appropriate. *Id*. at 980 (citing *Daub*, 629 N.E.2d at 877; *Ford Motor Co. v. Rushford*, 868 N.E.2d 806 (Ind. 2007); 21 Ind. Law Encycl. Negligence § 89); s*ee also Buckner v. Sam's Club, Inc.*. 75 F.3d 290, 293 (7th Cir. 1996) (affirming summary judgment when the object allegedly causing injury was not found because the plaintiff had "no evidence linking the accident with [defendant's] alleged negligence; their case lacked the critical element of causation"). In this case, the grilled chicken salad was a possible source of Johnson's allergic reaction and a possible cause of her death, but there is no evidence that the dish was definitely contaminated with an allergen or that Johnson's death was definitively due to a seafood allergy. *Taylor v. Cmty. Hosps. of Ind., Inc.*, 949 N.E.2d 361, 364 (Ind. Ct. App. 2011) ("[N]egligence cannot be established through inferential speculation alone.") (quoting *Hale v. Cmty. Hosp. of Indianapolis, Inc*., 567 N.E.2d 842, 843 (Ind. Ct. App. 1991)).

Johnson previously experienced an allergic reaction after eating shrimp. At some point after eating a grilled chicken salad at Asada Grill, she experienced a similar reaction. She was then

6

hospitalized for anaphylaxis with angioedema. At the time, Johnson was also taking a medication known to sometimes cause an angioedema reaction. Plaintiff has no direct evidence that the grilled chicken salad contained seafood or was cross-contaminated with shrimp. There is not a sufficient causal link between the grilled chicken and Plaintiff's death almost two weeks later for a jury to conclude that Defendant's actions were the proximate cause of her death, or that she would not have died if she had not eaten at Asada Grill. Defendant is entitled to summary judgment.

Plaintiff requests that, even if she cannot succeed on her claim for wrongful death, she be permitted to amend her complaint to add a claim under the survival statute, Indiana Code 34-9-3-4, in order to recover from Defendant for hospitalization charges. However, not only was this potential claim known to Plaintiff at the time the case was filed, making an amendment untimely, but it appears that any such claim would be futile, *see* Fed. R. Civ. P. 15(a)(2), since success would still require Plaintiff to demonstrate that but for Defendant's actions, Plaintiff would not have been hospitalized. Plaintiff has not set forth sufficient evidence to create a causal link between the meal at Asada Grill and Johnson's subsequent allergic reaction.

## V.     Conclusion

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 32] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Asada Grill and Cantina, LLC, and against Plaintiff Estate of Sharon Lorraine Johnson as to all claims in the Complaint.

SO ORDERED this 2nd day of February, 2024.

s/ John E. Martin\
MAGISTRATE JUDGE JOHN E. MARTIN\
UNITED STATES DISTRICT COURT

cc:     All counsel of record